UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCOS DOGLIO,<br>on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SLAY TRANSPORTATION CO., INC.;<br>SLAY INDUSTRIES; and J.S.<br>LEASING COMPANY INC.,<br><br>Defendants. | Civil Action No:<br><br>**<u>Civil Action</u>**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Marcos Doglio, individually and on behalf of all others similarly situated, complains against Defendants Slay Transportation Co., Inc., Slay Industries and J.S. Leasing Company Inc. as follows:

## **NATURE OF THE ACTION**

1. This is a class and collective action brought by Plaintiff Marcos Doglio against Defendants Slay Transportation Co., Inc., Slay Industries and J.S. Leasing Company Inc. (hereinafter collectively referred to as "Defendants") on behalf of himself and all similarly situated current and former employees of Slay to recover for the Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law and (NJWHL") and the New Jersey Wage Payment Law ("NJWPL").

2. Plaintiff, on behalf of himself and those similarly situated, allege that he and the putative collective were and are misclassified as independent contractors by Defendants and seek to recover damages for unpaid wages and unpaid overtime wages in violation of the FLSA, NJWHL and NJWPL.

3. Under the collective action brought under FLSA, the proposed class consists of persons employed by Defendants as a truck driver at any time three years prior to the filing of this action through the entry of judgment (hereinafter referred to as the "Relevant Period") who were misclassified as an independent contractor (hereinafter referred to as the "Nationwide Collective Class").

4. To remedy his damages and the Nationwide Collective Class Members he seeks to represent under FLSA, Plaintiff brings this action as a nation-wide collective action pursuant to 29 U.S.C. § 216(b).

5. Specifically, under FLSA, Plaintiff seeks a declaration that his rights, and the rights of other Nationwide Collective Class Members were violated, and an award of unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs to make them whole for damages suffered.

6. Under the class action claims brought under the NJWHL and NJWPL, the proposed class consists of persons employed by Defendants as a truck driver in New Jersey at any time two years prior to the filing of this action for violations under the NJWHL and six years prior to the filing of this action for violations under the NJWPL through the entry of judgment and who worked for Defendants who were misclassified as an independent contractor (hereinafter referred to as the "NJ Class").

7. To remedy his damages and the damages of the NJ Class Members, Plaintiff seeks a declaration that his rights, and the rights of other NJ Class Members were violated, and an award of all available statutory damages including, but not limited to, unpaid wages, interest, and reasonable attorneys' fees and costs to make them whole for damages suffered.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and there exists complete diversity of citizenship between the parties.

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*, and has supplemental jurisdiction over the New Jersey claims under NJWHL and the NJWPL.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claim pled in this Complaint substantially occurred in this District.

**PARTIES**

11. Plaintiff, Marcos Doglio, is an individual who resides in Middlesex County, New Jersey.

12. On or about October 10, 2018, Doglio began working for Defendants as a truck driver. Plaintiff continued working for Defendants until his employment ended on or about September 20, 2019.

13. Plaintiff has executed his consent to sue form as required under FLSA which is annexed hereto as Exhibit A.

14. Defendant J.S. Leasing Company, operating as Slay Industries, is a Missouri corporation with its headquarters located at 1441 Hampton Avenue, St. Louis, Missouri 63139.

15. The following is believed to accurately describe Defendant Slay Transportation Co., Inc.:

> Slay Transportation Co., Inc. is a liquid and dry bulk carrier operating in 48 states, Canada and New Mexico. Slay Transportation has over 1600 tractors and trailers and 17 terminals where we offer services such as transportation, warehousing, distribution, logistics, and state-of-the-art tank cleaning. Slay Transportation has more than 400 truck drivers.

16. The following is believed to accurately describe Defendant Slay Industries:

> Slay Industries offers a range of distribution and warehousing services. The company provides a variety of packaging, transportation and cargo handling services. If offers transportation services for liquids dry bulk cargo. The company serves customers in the United States, Canada and Mexico. It maintains a fleet of more than 1,600 tractors and trailers. The company maintains over 350,000 square feet intermodal distribution center. It provides thank cleaning, safety and risk management services. Slay industry manages a staff of more than 550 drivers, dispatchers, terminal managers and support personnel. Slay Industries makes approximately $100 to $500 million in revenue per year.

17. The following is believed to accurately describe Defendant J.S. Leasing Company Inc.:

> J.S. Leasing Company Inc. provides renting and leasing equipment. J.S. Leasing Company Inc. offers transportation, warehousing, distribution, fleeting, logistics, and joint ventures services.

18. Defendants were at all relevant times herein an "employer" of Plaintiff and other similarly situated employees, as defined by the FLSA, NJWHL and NJWPL.

## SPECIFIC ALLEGATIONS

19. Plaintiff and all the Nationwide Collective Class/NJ Class were assigned to perform overtime non-exempt tasks for Defendants.

20. Specifically, Plaintiff and the Nationwide Collective Class/NJ Class were not overtime exempt employees under the FLSA or NJWHL.

21. Plaintiff and the Nationwide Collective Class/NJ Class were not independent contractors for purposes of the FLSA, NJWHL and/or NJWPL.

22. Plaintiff and the Nationwide Collective Class/NJ Class were purposefully misclassified as independent contractors by Defendants to conceal the fact that there existed an employer-employee relationship between Defendants and the Nationwide Collective Class/NJ Class.

23. Defendants exercised significant control both directly over Plaintiff and the Nationwide Collective Class/NJ Class as well as the ability of Plaintiff and the Nationwide Collective Class/NJ Class to complete their work of delivering cargo for Defendants. This control included, but was not limited to, Defendants' dispatchers providing and/or not providing Plaintiff and the Nationwide Collective Class/NJ Class with the daily work they were required to perform; determining what time Plaintiff and the Nationwide Collective Class/NJ Class members had to arrive at work; determining what time Plaintiff and the Nationwide Collective Class/NJ Class members had to arrive at the designated locations; requiring Plaintiff and the Nationwide Collective Class' to store their trucks on Defendants' property; providing Plaintiff and the Nationwide Collective Class/NJ Class with Slay uniforms, including a jacket and a sweater with Slay insignia on them; requiring that Plaintiff and the Nationwide Collective Class/NJ Class' trucks had Slay insignia on them; requiring that the Plaintiff and the Nationwide Collective Class/NJ Class return to Defendants' property at the end of each workday; requiring that the Plaintiff and the Nationwide Collective Class/NJ Class electronically log into tablets owned and operated by Defendants constantly notifying Defendants of their location; installing a dash camera

to monitor Plaintiff and the Nationwide Collective Class/NJ Class' movements and location; prohibiting Plaintiff and the Nationwide Collective Class/NJ Class from working for other trucking companies; and maintaining the ability to terminate the services and work provided by Plaintiff and the Nationwide Collective Class/NJ Class at Defendants' discretion.

24. The work performed by Plaintiff and the Nationwide Collective Class/NJ Class, *i.e.* driving trucks to transport liquid and dry bulk cargo to Defendants' customers, was performed within the usual course of business of Defendants' business, which was to specifically transport cargo.

25. The work performed by Plaintiff and the Nationwide Collective Class/NJ Class was performed within Defendants' places of business.

26. Plaintiff and the Nationwide Collective Class did not work in an independently established trade, occupation, profession or business.

27. Plaintiff the Nationwide Collective Class did not have their own customers and relied solely upon Defendants for work.

28. Plaintiff and the Nationwide Collective Class routinely worked far in excess of forty (40) hours per week for Defendants, usually between sixty (60) to seventy (70) hours per week or more and were not paid the appropriate or lawful overtime rate under the FLSA or NJWHL when they worked over forty (40) hours per week.

29. Instead, Defendants paid Plaintiff and the Nationwide Collective Class on a piecework rate basis, regardless of the amount of time they actually worked, which is calculated as a percentage of the route paid by Defendants' customers.

30. Defendants' ongoing unlawful policy, which fails to pay Plaintiff and the Nationwide Collective Class for time worked, has resulted in Plaintiff and the Nationwide Collective Class being denied substantial legally required compensation, including overtime pay, given that the Plaintiff and the Nationwide Collective Class routinely worked in excess of forty (40) hours per workweek.

31. Defendants also took unlawful deductions from Plaintiff and the NJ Class' pay in violation of the NJWPL.

32. For example, Defendants required Plaintiff and the NJ Class to pay for, and/or directly deducted from their compensation the following: fuel; tires; registration fees; motor vehicle liability insurance/trucker's liability and cargo insurance; occupational accident and/or workers' compensation insurance; labor costs; damages or loss to Defendants' equipment; (collectively referred to as "Deductions").

33. Defendants' unlawful deductions from Plaintiff and the NJ Class' pay, by way of charging them for the Deductions, denied them compensation which they are entitled to under the law.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on his own behalf and on behalf of a putative class of similarly situated current and former truck drivers employed by Defendants, defined as:

> All individuals that worked as truck drivers for Defendants transporting cargo throughout the United States in the last three years prior to the filing of this action through the entry of judgment.

35. Plaintiff does not bring this action on behalf of any executive, administrative, or professional employee exempt from coverage under the FLSA.

36. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the truck drivers described are "similarly situated" to Plaintiff. The class of truck drivers on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or were misclassified as independent contractors; (b) they were or are subjected to Defendants' same or similar unlawful practices, policy or plan; (c) they were paid substantially similar pay provisions; and (d) their claims are based upon the same legal theories.

37. Plaintiff estimates that the Nationwide Collective Class, including both current and former truck drivers over the Relevant Period, will include hundreds of individuals. The precise number of collective Nationwide Collective Class members should be readily available from a review of Defendants' records and from input received from the Nationwide Collective Class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

38. Plaintiff and the potential Nationwide Collective Class members' entitlement to compensation for time worked over forty (40) hours in a workweek and overtime pay, except for amount, is identical and depends on the following uniform questions: (a) Were Nationwide Collective Class members misclassified as independent contractors?; (b) Did the Nationwide Collective Class members routinely work in excess of forty (40) hours per week?; (c) Were the Nationwide Collective Class members paid solely on a flat rate, task and/or piecework basis regardless of the amount of time worked? and (d) Did the conduct alleged violate the FLSA?

39. Plaintiff Doglio shares the same interests as the Nationwide Collective Class in that the outcome of this action will determine whether they are either employees or independent contractors under the FLSA. Because the facts in this case are similar, if not altogether identical, the factual assessment and legal standards lend themselves to a collective action.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the NJ Class, consisting of:

> All individuals who work or worked for Defendants in New Jersey as a truck driver at any time two years prior to the filing of this action through the entry of judgment in this action.

41. The individuals in the NJ Class are so numerous that joinder of all members is impracticable. The exact number of the NJ Class is unknown to Plaintiff at this time, but there is believed to be over a hundred such persons. The identity of the NJ Class members is known to Defendants and is contained in the personnel records that Defendants are required to create and maintain as a matter of state and federal law.

42. Plaintiff's claims are typical of the claims of the other members of the NJ Class as Plaintiff and all other members of the NJ Class sustained damages arising out of the Defendants' conduct in violation of New Jersey state laws complained of herein. The NJ Class members work, or have worked, for Defendants in New Jersey as truck drivers and were improperly not compensated or paid overtime wages by Defendants at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours in a workweek. They have sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL and NJWPL.

43. Plaintiff will fairly and adequately protect the interests of the members of the NJ Class and has retained counsel competent and experienced in complex class action litigation.

44. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the NJ Class.

45. Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

46.     Common questions of law and fact exist as to all members of the NJ Class and predominate over any questions affecting solely individual members. Plaintiff's and other potential NJ Class Members' entitlement to compensation for hours worked over forty (40) in a workweek including overtime pay, except for amount, is identical and depends on the following uniform questions: (a) Were the putative NJ Class members misclassified as independent contractors for purposes of the NJWHL and the NJWPL?; (b) Did the putative NJ Class members routinely work in excess of forty (40) hours per week?; (c) Were the putative NJ Class members paid solely on a flat, task and/or piecework basis regardless of the amount of time worked?; (d) Did the conduct alleged violate the NJWHL; (e) Did Defendants require the putative NJ Class members to pay for the Deductions listed above and/or directly deducted the cost of said Deductions from their compensation?; and (f) Did the conduct alleged violate the NJWPL?

47.     Plaintiff does not have interests antagonistic to those of the NJ Class members. Plaintiff's claims are typical of the claims of the putative NJ Class members.

48.     Plaintiff Doglio will fairly and adequately protect the interests of the putative NJ Class members and has retained competent counsel experienced in this type of matter, specifically class action litigation and wage and hour litigation in particular.

49.     Common questions of law and fact predominate over any questions that only affect individual class members.

50.     A class action is superior to other available methods for the fair and effective adjudication of this controversy and will cause an orderly and expeditious administration of the putative NJ Class members' claims.

51. The prosecution of separate actions by individual members of the putative NJ Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* FAILURE TO PAY OVERTIME WAGES

1. Plaintiff re-alleges and incorporates paragraphs 1 through 51 as if set forth at length herein.

2. Defendants are subject to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

3. Defendants' misclassification of the Plaintiff and the putative Nationwide Collective Class Members as independent contractors is contrary to the FLSA.

4. Any agreement(s) entered by and between Defendants and the putative Nationwide Collective Class Members that provide that Plaintiff and the putative Nationwide Collective Class Members are independent contractors are unlawful and null and void.

5. Defendants' conduct against Plaintiff and the putative Nationwide Collective Class Members violates the FLSA by failing to compensate Plaintiff and the putative Nationwide Collective Class Members for all hours worked and for not paying appropriate/lawful overtime when Plaintiff and the putative Nationwide Collective Class Members worked over forty (40) hours in a workweek.

6. As a result of Defendants' conduct, Plaintiff and the putative Nationwide Collective Class Members have endured significant economic damages.

7. Defendants' unlawful conduct has been widespread, repeated, and willful.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Marcos Doglio hereby demands judgment be entered against Defendants Slay Transportation Co., Inc., Slay Industries and J.S. Leasing Company Inc, jointly and severally, as follows:

a. Certifying this case as a class action in accordance with Federal Rules of Civil Procedure 23 with respect to the NJWHL claims set forth above;

b. Declaring that Defendants violated its obligations under the NJWHL;

c. Certifying this matter to proceed as a class action;

d. Granting judgment in favor of Plaintiff and the putative NJ Class Members and against Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiff and the putative NJ Class Members' regular rate multiplied by all hours that Plaintiff and the NJ Class Members worked in excess of forty (40) hours per week for the past three (3) years;

e. Judgment for Plaintiff and the NJ Class Members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained because of Defendants' unlawful conduct, as well as prejudgment interest and post-judgment interest;

f. An award to Plaintiff and the NJ Class Members for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

g. Such further relief as this Court deems appropriate.

## COUNT TWO

### VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW

1. Plaintiff re-alleges and incorporates paragraphs 1 through 51 and Count One of the Complaint as if set forth at length herein.

2. Defendants are subject to the New Jersey Wage and Hour Law.

3. Defendants' misclassification of the Plaintiff and the NJ Class Members as independent contractors is contrary to the NJWHL and <u>Hargrove v. Sleepy's, LLC</u>, 220 N.J. 289 (2015).

4. Any agreement(s) entered into by and between Defendants and the putative NJ Class Members that provide that Plaintiff and the NJ Class Members are independent contractors are unlawful and null and void.

5. Defendants' conduct against Plaintiff and the putative NJ Class Members violates the NJWHL by failing to compensate Plaintiff and the putative NJ Class Members for all hours worked and for not paying appropriate/lawful overtime when Plaintiff and the putative NJ Class Members worked over forty (40) hours in a workweek.

6. As a result of Defendants' conduct, Plaintiff and the putative NJ Class Members have endured significant economic damages.

7. Defendants' unlawful conduct has been widespread, repeated, and willful.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Marcos Doglio hereby demands judgment be entered against Defendants Slay Transportation Co., Inc., Slay Industries and J.S. Leasing Company Inc, jointly and severally, as follows:

a. Certifying this case as a class action in accordance with Federal Rules of Civil Procedure 23 with respect to the NJWHL claims set forth above;

b. Declaring that Defendants violated its obligations under the NJWHL;

c. Certifying this matter to proceed as a class action;

d. Granting judgment in favor of Plaintiff and the putative NJ Class Members and against Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiff and the putative NJ Class Members' regular rate multiplied by all hours that Plaintiff and the NJ Class Members worked in excess of forty (40) hours per week for the past three (3) years;

e. Judgment for Plaintiff and the NJ Class Members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained because of defendants' unlawful conduct, as well as prejudgment interest and post-judgment interest;

f. An award to Plaintiff and the NJ Class Members for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

g. Such further relief as this court deems appropriate.

## COUNT THREE

### VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW

1. Plaintiff re-alleges and incorporates paragraphs 1 through 51 and Counts One and Two of the Complaint as if set forth at length herein.

2. Defendants are subject to the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14.

3.  Defendants' misclassification of Plaintiff and the putative NJ Class Members as independent contractors is contrary to the NJWPL and <u>Hargrove v. Sleepy's, LLC</u>, 220 N.J. 289 (2015).

4.  Any agreement(s) entered into by and between Defendants and the putative NJ Class Members that provide that Plaintiff and the NJ Class Members are independent contractors are unlawful and null and void.

5.  Defendants' conduct against Plaintiff and the putative NJ Class Members violates the NJWPL by requiring Plaintiff and the putative NJ Class Members to pay for the Deductions listed above and/or directly deducting the cost of said Deductions from their compensation.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Marcos Doglio hereby demands judgment be entered against Defendants Slay Transportation Co., Inc., Slay Industries and J.S. Leasing Company Inc, jointly and severally, as follows:

a. Certifying this case as a class action in accordance with Federal Rules of Civil Procedure 23 with respect to the NJWPL claims set forth above;

b. Declaring that Defendants violated its obligations under the NJWPL;

c. Certifying this matter to proceed as a class action;

d. Granting judgment in favor of Plaintiff and the putative NJ Class Members and against Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiff and the putative NJ Class Members' regular rate multiplied by all hours that Plaintiff and the NJ Class Members worked in excess of forty (40) hours per week for the past three (3) years;

    e. Judgment for Plaintiff and the NJ Class Members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained because of defendants' unlawful conduct, as well as prejudgment interest and post-judgment interest;

    f. An award to Plaintiff and the NJ Class Members for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

    g. Such further relief as this Court deems appropriate.

## COUNT FOUR

## UNJUST ENRICHMENT

1. Plaintiff re-alleges and incorporates paragraphs 1 through 51 and Counts One, Two and Three of the Complaint as if set forth at length herein.

2. By misclassifying the Plaintiff and similarly situated employees as independent contractors, Defendants unlawfully failed to pay Plaintiff and the putative Class Members for hours worked over forty (40) hours in a week for that respective period at a rate of one and one-half times the individual's hourly wage for each hour of working time in excess of 40 hours in any week.

3. By failing to pay Plaintiff and the putative Class Members for hours worked over forty (40) hours in a week for that respective period at a rate of one and one-half such individual's regular hourly wage for each hour of working time in excess of 40 hours in any week, Defendants has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the putative Class Members.

4.     It would be inequitable for Defendants to be permitted to retain the unpaid wages it avoided paying to Plaintiff and the putative Class Members. Therefore, Defendants should be compelled to disgorge to the Plaintiff and the putative Class Members all amounts it retained and received as a result of its wrongful and inequitable practices.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Marcos Doglio hereby demands judgment be entered against Defendants Slay Transportation Co., Inc., Slay Industries and J.S. Leasing Company Inc, jointly and severally, as follows:

a. Certifying this case as a class action in accordance with Federal Rules of Civil Procedure 23 with respect to the unjust enrichment claims set forth above;

b. Certifying this matter to proceed as a class action;

c. Granting judgment in favor of Plaintiff and the putative NJ Class Members and against Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiff and the putative NJ Class Members' regular rate multiplied by all hours that Plaintiff and the NJ Class Members worked in excess of forty (40) hours per week for the past three (3) years;

d. Judgment for Plaintiff and the NJ Class Members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained because of Defendants' unlawful conduct, as well as prejudgment interest and post-judgment interest;

e. An award to Plaintiff and the NJ Class Members for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

f. Such further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable in this action.

## DESIGNATED TRIAL ATTORNEY

Stephan T. Mashel, Esquire is hereby designated as Plaintiff's trial attorney.

## NOTICE OF SPOLIATION

**PLEASE TAKE NOTICE**, failure to prevent spoliation of evidence can result in severe sanctions being imposed by the Court. Furthermore, your obligations to preserve documents and things for discovery in this case arise in law and equity independent of any Order of court or notice from our office. You are hereby placed on notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on computers and storage media (e.g., hard drives, hard disks, floppy disks, backup tapes, email accounts), or any other electronic data maintained by the named defendants, such as surveillance or voicemail, that may be construed in any manner as potentially discoverable information in this litigation.

## AS TO THE PERSERVATION OF VIDEOS, SURVEILLANCE MATERIALS, OUT-TAKES, PHOTOGRAPHS, ETC.

In accordance with the above request for the avoidance of spoliation of any evidence please be further guided by the following specific request for preservation.

A. All photographs, slides, videotapes, or audiotapes, transcripts, or memoranda thereof, and/or motion pictures, surveillance photographs/motion pictures, out-takes, tape recording, movies, visual, optical and/or audio and/or magnetic reproductions of descriptions of plaintiff purporting to depict the plaintiff, plaintiff's activities, actions, speech, etc.;

B. All photographs of the scene of the underlying occurrence;

C. The time records, records of amount of footage of film or videotape used; the type of equipment used to take, develop, and convert such film or videotape; the make and model of all equipment, lenses and range settings employed by defendant(s) and/or defendant('s)(s') photographers, investigators, and/or other used or associated in conjunction with the surveillance, tape recordings, etc., of the plaintiff and all memoranda pertaining thereto.

**NOTE**: If the defendant(s) fails to preserve and/or otherwise disclose such surveillance materials (using the words generically), then plaintiff may:

(1) Move at the trial to exclude all such surveillance and its by-products; and/or

(2) Move to exclude/suppress all of plaintiff's deposition testimony relating to the improperly suppressed/undisclosed pre-deposition surveillance materials and its progeny; and/or

(3) Seek other appropriate and equitable relief by reason of defendant('s)(s') non-compliance.

MASHEL LAW, L.L.C.
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
(P) (732) 536-6161
(F) (732) 536-6165
(E) smashel@mashellaw.com
Attorneys for Plaintiff Marco Doglio and all other similarly situated persons

Dated: January 9, 2020

_____
Stephan T. Mashel, Esquire
N.J. ID No.: 031851986